IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARMAIN MURPHY,<br>    Plaintiff | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| CHRISTIAN CARE CENTERS, INC.<br>D/B/A CHRISTIAN CARE CENTER<br>    Defendant | §<br>§<br>§ | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW**, Plaintiff, Charmain Murphy (hereinafter "Plaintiff"), and complains of Defendant, Christian Care Centers, Inc. d/b/a Christian Care Center (hereinafter "Defendant"), and would respectfully show unto the Court as follows:

**I.**

<u>**JURISDICTION AND VENUE**</u>

1. This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. §§1331 and 1343.  In addition, Plaintiff invokes this Court's jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000-e, et seq. (hereinafter "Title VII").

2. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**II.**

<u>**PARTIES**</u>

3. Plaintiff, Charmain Murphy, is a black/African American citizen of the United

States and a resident of Dallas County, Texas.  At all times relevant hereto, Plaintiff was an employee of Defendant, Christian Care Centers, Inc. d/b/a Christian Care Center.  Plaintiff has been subjected to unlawful employment practices committed in Dallas County, Texas by employees and agents of the Defendant.

4. Defendant, Christian Care Centers, Inc. d/b/a Christian Care Center, is a domestic non-profit corporation.  Defendant may be noticed of this lawsuit by serving the registered agent, **Phil Elmore, 1000 Wiggins Parkway, Mesquite, Texas 75150**.

### III.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On May 10, 2018, Plaintiff filed a charge of employment discrimination against Defendant with the Dallas District Office of the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last discriminatory act.  Any allegations in this action which pertain to events that occurred after 300 days of the last discriminatory act pertain to allegations of continuing violation.

6. Plaintiff received a "Notice of Right to Sue" concerning the Charge of Discrimination on May 14, 2018, entitling her to institute a civil action within 90 days of the date of receipt of said notice.  This action is timely filed.

### IV.

### FACTS AND CAUSES OF ACTION

7. This action is authorized and instituted pursuant to Title VII.  This is a legal proceeding for legal and/or equitable relief available to secure the rights of the Plaintiff under these statutes. Plaintiff also hereby brings claims for negligence and/or intentional conduct by

Defendant under Texas law.

8. Beginning on or about May 4, 2017, and continuing through May 11, 2018, Plaintiff was repeatedly subjected to discrimination based on race, black/African American, retaliation, and hostile work environment under Title VII.

9. On or about May 4, 2017, while working on the job for Defendant, Defendant's Director of Nursing, Onita White, physically attacked and injured Plaintiff, who was forced to call 9-1-1 and file assault charges against Ms. White. From that day forward, Plaintiff was subjected to discrimination based on race, retaliation and/or hostile work environment.

10. Defendant's Nursing Manager, Christine, and Human Resources Manager, Shaundrell Fuller, as well as Defendant's Staff Coordinator constantly harassed Plaintiff by following her around while she worked; giving Plaintiff unfounded write-ups every other day and sometimes twice a day; moving Plaintiff from the areas she normally worked in and placing her in new work areas that Plaintiff was unfamiliar with, which on one occasion lead to Plaintiff contracting scabies from a resident due to Defendant's staff not taking proper precautions to protect employees such as Plaintiff; no longer allowing Plaintiff to sit at the Nurse's Station as she was allowed prior to May 4, 2017; and Plaintiff being excluded from conversations and meetings with coworkers. The above actions by Defendant's employees against Plaintiff constitute adverse employment action.

11. On or about May 23, 2017, Plaintiff was informed she was pregnant and in her first trimester. On or about June 5, 2017, Plaintiff had a miscarriage. Plaintiff alleges the discrimination, retaliation and harassment she suffered by Defendant's employees caused her

miscarriage.

12. Defendant's proffered business reason for Plaintiff's termination was mere pretext for discrimination.

13. Onita White, Defendant's Director of Nursing, was at all times mentioned, the agent and employee of Defendant and was acting within the course and scope of her agency and employment with Defendant.

14. On or about May 4, 2017, while working on the job for Defendant, Ms. White intentionally and brutally physically attacked and injured Plaintiff, who was forced to call 9-1-1 and file assault charges against Ms. White.

15. The resulting injuries and damages suffered by Plaintiff were proximately caused by the negligent and/or intentional conduct of Defendant and the act of its employee, Onita White, who was at all times acting within the course and scope of her employment. Therefore, Defendant is guilty of negligence toward Plaintiff in that it failed to maintain safe working conditions for employees.

16. As a direct and proximate result of Defendant's conduct as alleged in this Complaint, Plaintiff sustained bodily injuries requiring medical care and attention. Therefore, Plaintiff has incurred reasonable expenses for necessary medical treatment. The charges are reasonable and were the usual and customary charges made for such services in Dallas County or wherever the services were rendered.

17. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered physical pain and mental anguish, and in all reasonable probability will continue to experience physical pain and mental anguish in the future.

18. Plaintiff is entitled to exemplary damages from Defendant because Ms. White was employed in a managerial capacity and, in doing the acts described in this Complaint, was acting within the scope of her employment.

19. Plaintiff has suffered compensatory damages as the direct result of Defendant's discriminatory and retaliatory treatment. Plaintiff would further show that Defendant's conduct was done willfully and with malice and that she is entitled to liquidated and exemplary damages.

20. Defendant's conduct toward Plaintiff caused her severe emotional distress, pain and suffering and/or other nonpecuniary losses, for which Plaintiff seeks past and future compensatory damages.

21. The amount of damages which Plaintiff seeks herein exceeds the jurisdictional minimum of this Court.

22. All conditions precedent to the filing of this action have occurred or have been fulfilled.

## V.

## DAMAGES

23. Plaintiff seeks statutory damages, back pay and front pay and/or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, prejudgment and postjudgment interest, and such other and further legal and equitable relief to which Plaintiff is entitled pursuant to Title VII.

24. Plaintiff is entitled to actual damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future, and such other and further relief to which Plaintiff is entitled because of the actions and/or

omissions complained of herein.

## VI.

## JURY DEMAND

25. Plaintiff respectfully requests a jury trial.

## VII.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant be cited to appear, and, that Plaintiff be awarded judgment against Defendant for statutory damages, compensatory, punitive and general damages, back pay, front pay and/or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, prejudgment and postjudgment interest, and such other and further legal and equitable relief to which Plaintiff is entitled.

Respectfully submitted,

**/s/ Marshay Howard**
Marshay Howard
Howard & Associates
STATE BAR CARD NO. 24083204
Uptown Tower
4144 N. Central Expressway, Suite 600
Dallas, Texas 75204
Telephone: (469) 458-3540
Facsimile: (972) 308-6011
mhoward@lawyersdemandingjustice.com

**ATTORNEY FOR PLAINTIFF**