IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARMAIN MURPHY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| **CHRISTIAN CARE CENTERS, INC.,** | § | **3:18-CV-02124-C** |
| d/b/a  **CHRISTIAN CARE CENTER** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT CHRISTIAN CARE CENTER, INC.'S BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Christian Care Center, Inc. ("Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(6), files this Brief In Support of Its Partial Motion to Dismiss. Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII") are barred according to the applicable statute of limitations.  Specifically, Plaintiff failed to initiate the instant civil action within the ninety (90) day period to do so after receiving a right-to-sue letter from the Equal Employment Opportunity Commission. Therefore, Plaintiff's claims under Title VII should be dismissed with prejudice pursuant to Rule 12(b)(6).

### I.   FACTUAL AND PROCEDURAL HISTORY

On August 14, 2018, Plaintiff Charmain Murphy ("Plaintiff") instituted the present action against Defendant in which she claims Defendant discriminated against her on the basis of her race and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Pl.'s Original Compl. ¶ 8). Additionally, Plaintiff's asserts a claim of negligence against Defendant. *Id*.

In her Complaint, Plaintiff contends that she filed a Charge of Discrimination pursuant to Title VII with the Equal Employment Opportunity Commission ("EEOC") on May 10, 2018. (Pl.'s Original Compl. ¶ 5). Further, Plaintiff alleges that she received a right-to-sue letter from the EEOC on May 14, 2018. (Pl.'s Original Compl. ¶ 6). Plaintiff's initiated the instant civil action more than ninety (90) days after she received the right-to-sue letter from the EEOC.

## II.    ARGUMENT AND AUTHORITIES

**A.    Legal Standard.**

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts 'to state a claim for relief that is plausible on its face.'" *Bustos v. Martini Club Inc.,* 599 F.3d 458, 461 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant can be held liable for the misconduct alleged. *Iqbal* 129 St. Ct. at 1949-50. In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id*. at 1949.

**B.    Plaintiff's Title VII Claims Are Barred By The Applicable Statute of Limitations.**

Plaintiff admittedly failed to initiate this civil action within the ninety (90) day period to do so after receiving a right-to-sue letter from the EEOC. Therefore, Plaintiff's Title VII claims should be dismissed with prejudice. Under Title VII, a plaintiff must exhaust her administrative remedies before initiating a civil action by filing a charge of discrimination with a fair employment practices agency, such as the EEOC. *See Jones v. Angelo State Uni.*, No. 6:09-cv-090-C, 2011 WL 13232598, at *1 (N.D. Tex. Mar. 10, 2011) (J. Cummings). The receipt of a right-to-sue letter from the EEOC completes the administrative exhaustion requirement. *Id*. However, if a plaintiff desires to file a civil action asserting claims under Title VII, the plaintiff must do so within ninety

(90) days after receiving her right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Bradshaw v. City of Gulfport, Miss.*, 427 Fed.Appx. 386, 387 (5th Cir. 2011); *Brown v. Bank of Am.*, 331 Fed. Appx. 284, 285 (5th Cir. 2009). The ninety (90) day filing requirement is *strictly construed* by courts and a precondition to filing suit in district court. *See Brown*, 331 Fed. Appx. At 285.

In her Complaint, Plaintiff admits that she *received* a "Notice of Right to Sue" from the EEOC on May 14, 2018. (Pl.'s Original Compl. ¶ 6). Ninety (90) days following May 14, 2018 is Sunday, August 12, 2018. Federal Rule of Civil Procedure 6(a)(1)(C) provides that if a deadline falls on a weekend day, such as a Sunday, the deadline is extended to the next non-weekend day. *See* FED. R. CIV. P. 6(a)(1)(C). In accordance with that rule, Plaintiff's deadline to initiate a lawsuit pursuant to Title VII was Monday, August 13, 2018. However, Plaintiff initiated the instant civil action on Tuesday, August 14, 2018, one day after her deadline to initiate a civil action under Title VII. Courts have routinely found civil actions initiated ninety-one (91) or ninety-two (92) days after the plaintiff received a right-to-sue letter untimely under Title VII. *See Ringgold v. Nat. Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Gonzales v. Pan Am. Lab., LLC*, No. 3:14-cv-2787-L, 2017 WL 4758672, fn. 5 (N.D. Tex. Oct. 20, 2017) (finding that the plaintiff failed to timely file suit under Title VII because he initiated a civil action 91 days after receiving a right-to-sue letter from the EEOC); *Wilson v. Tex. Tech Uni.,* No. 5:02-cv-264, 2003 WL 21281644, at *1 (N.D. Tex. May 30, 2003) (J. Cummings).

For instance, in *Ringgold*, a right-to-sue letter was delivered to the plaintiff's attorney on October 6, 1983. 796 F.2d at 770. However, the plaintiff filed suit on January 6, 1984, ninety-two (92) days after plaintiff's counsel received the right-to-sue letter. *Id*. Accordingly, the Fifth Circuit affirmed the district court's dismissal of plaintiff's Title VII claims as untimely. *Id*. Moreover, in

*Wilson*, the plaintiff acknowledged receipt of the EEOC's right-to-sue letter on May 16, 2002. However, the plaintiff filed his lawsuit on August 15, 2002, ninety-one (91) days after the plaintiff receive the right-to-sue letter. 2003 WL 21281644, at *1. Therefore, the court found that the plaintiff's lawsuit was not timely and dismissed the plaintiff's Title VII claims with prejudice. *Id*. Like the plaintiffs in *Ringgold* and *Wilson*, Plaintiff received a right-to-sue letter from the EEOC and initiated a civil action under Title VII after the statutory deadline to do so. According, Plaintiff's Title VII claims should be dismissed with prejudice.

### III.   CONCLUSION

For the foregoing reasons, Defendant Christian Care Center, Inc. respectfully requests that the Court grant this Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss Plaintiff's claims asserted pursuant to Title VII of the Civil Rights Act of 1964 with prejudice, and grant Defendant such further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Ashley Scheer*
Ashley Scheer
Texas State Bar No. 00784320
ascheer@jw.com
Judy Bennett Garner
Texas State Bar No. 24092403
jgarner@jw.com
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000 - Telephone
(214) 953-5822 - Facsimile

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via the Court's ECF system on September 21, 2018.

/s/Ashley Scheer
Ashley Scheer

21537990